UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL ROSS; KAWANA POWELL;
DOMINIQUE PALMORE; KEISHA
PATTERSON; TERESA PATTERSON; ROSE
MARIE DAVIS,

                       Plaintiffs,

-against-

SEATTLE WA; BRUCE HARRELL; JAY
INSLEE; LINDA RIDGE; UNION PACIFIC
RAIL LINE OWNER; LARRY BENSON;
TERRY BENSON,

                       Defendants.

22-CV-1383 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND ORIGINAL
SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Darnell Ross brings this action *pro se*. He appears to assert his own claims, and claims on behalf of Kawana Powell, Dominique Palmore, Keisha Patterson, Teresa Patterson, and Rose Marie Davis. But Plaintiff, who does not allege that he is an attorney, cannot assert claims on behalf of the other named Plaintiffs. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[b]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). The Court will therefore consider Plaintiff Darnell Ross as the sole plaintiff in this action.

      To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Additionally, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the

attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff submitted the complaint without a signature and without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must: (1) resubmit the signature page of the complaint with an original signature; and (2) either pay the $402.00 in fees or submit the attached IFP application. A copy of the signature page of the complaint and an IFP application are attached to this order. If Plaintiff submits the signature page and IFP application, they should be labeled with docket number 22-CV-1383 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 24, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                       Chief United States District Judge